UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) KC BUNN, Individually and on Behalf of Others Similarly Situated,<br><br>v.<br><br>(2) BRAVO NATURAL RESOURCES, LLC | Case No.: 4:22-cv-00007-CVE-JFJ<br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT

### SUMMARY

1. Bravo Natural Resources, LLC (Bravo) does not pay its Day Rate Drilling Consultants overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Bravo pays its Day Rate Drilling Consultants a flat daily rate for all hours worked in a workweek, including those in excess of 40 in a workweek.

3. Bravo's day rate pay plan violates the FLSA because the Day Rate Drilling Consultants are owed overtime for hours worked in excess of 40 in a week at the rate of one-and-one-half times their regular rates.

4. KC Bunn (Bunn) brings this action to recover the unpaid overtime and other damages owed to Bravo's Day Rate Drilling Consultants.

### JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a federal statute. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Bravo resides in and is headquartered in this District.

## PARTIES

7. Bunn worked for Bravo as a Drilling Consultant from approximately June 2017 to February 2019 including time spent working in Coalgate, Oklahoma.

8. Throughout his employment, Bravo paid Bunn a flat daily rate for all the hours he worked including those in excess of 40 in a workweek ("day rate pay plan").

9. Bunn's consent to be a party plaintiff is attached as Exhibit 1.

10. Bunn brings a FLSA collective action on behalf of himself and all other Bravo's Day Rate Drilling Consultants who were paid according to Bravo's day rate pay plan.

11. The FLSA class of employees Bunn seeks to represent consists of:

> **All Day Rate Drilling Consultants employed by Bravo in the U.S. and paid according to Bravo's day rate pay plan at any time during the last 3 years** (the "Day Rate Drilling Consultants").

12. Bravo is a Delaware limited liability corporation with its headquarters in Tulsa, Oklahoma and is registered to do business in Oklahoma.

13. Bravo is an oil and gas exploration and production company.

14. Bravo may be served by serving the Oklahoma Secretary of State, which has been designated as Bravo's registered agent, at 421 NW 13th Street, Suite 210, Oklahoma City, Oklahoma, 73103.

## FLSA COVERAGE

15. For at least the past 3 years, Bravo has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

16. For at least the past 3 years, Bravo has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

17. For at least the past 3 years, Bravo has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

18. Bravo has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

19. Further, Bravo's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

20. For at least the past 3 years, Bunn and the Day Rate Drilling Consultants were engaged in commerce or in the production of goods for commerce.

21. Bravo treated all their Day Rate Drilling Consultants (including Bunn) as employees by setting their work schedules, controlling their job assignments, withholding taxes from their pay, and maintaining their personnel records.

**FACTS**

22. Bravo is an oil and gas exploration and production company headquartered in Tulsa, Oklahoma.

23. Bunn and the Day Rate Drilling Consultants handle day to day activities at the rig site locations.

24. On a day-to-day basis Bunn and the Day Rate Drilling Consultants reported to and took their working orders from Bravo.

25. Bravo's Day Rate Drilling Consultants, including Bunn, typically work more than 40 hours a week.

26. Indeed, Bravo's Day Rate Drilling Consultants often worked 12 to 14-hour shifts for 6 to 7 days per week.

27. Bravo paid all their Day Rate Drilling Consultants pursuant to their day rate pay plan with no additional compensation for overtime hours regardless of the number of hours worked that workweek.

28. In June of 2017 Bunn began working for Bravo as a Drilling Consultant in Coalgate, Oklahoma.

29. As a Drilling Consultant Bunn was responsible for handling rig site logistics, reporting pump procedures to Bravo, and guiding the tool pushes at the rig site.

30. Bravo's records reflect the hours Bunn worked each workweek and pay period.

31. Bravo paid Bunn a flat daily rate for each day he worked.

32. Bravo also gave Bunn a daily per diem that it did not count as wages paid.

33. Bravo never guaranteed Bunn a minimum salary per week.

34. Although he often worked more 80 or more hours per workweek, Bravo never paid Bunn any overtime but, rather, paid him only his flat daily rate for all hours worked.

35. Bunn and the Day Rate Drilling Consultants work in accordance with the schedule set by Bravo.

36. Bravo controls Bunn and the Day Rate Drilling Consultants' pay.

37. Likewise, Bravo controls Bunn and the Day Rate Drilling Consultants' work.

38. Bravo requires Bunn and the Day Rate Drilling Consultants to follow its policies and procedures.

39. Bunn and the Day Rate Drilling Consultants work must adhere to the quality standards put in place by Bravo.

40. Bunn and the Day Rate Drilling Consultants are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

41. Bunn and the Day Rate Drilling Consultants were responsible for ensuring their work was completed according to established guidelines, specifications, and restrictions.

42. All Bravo's Day Rate Drilling Consultants perform duties like those Bunn performed.

43. The Day Rate Drilling Consultants worked similar hours and are denied overtime as a result of the same illegal day rate pay plan.

44. All Bravo's Day Rate Drilling Consultants regularly worked in excess of 40 hours in a workweek.

45. Instead of paying Day Rate Drilling Consultants overtime, Bravo paid them only their flat daily rate for all their working hours including those in excess of 40 in a workweek.

46. As a result, Bravo failed to pay the Day Rate Drilling Consultants proper overtime compensation for hours worked in excess of 40 in a workweek.

### FLSA Violations

47. Bravo's day rate pay plan violates the FLSA because Bunn and the other Day Rate Drilling Consultants did not receive overtime pay for hours worked over 40 in a week.

48. Bravo knew, or showed reckless disregard for whether, its day rate pay plan violated the FLSA.

49. Bravo's failure to pay overtime compensation to the Day Rate Drilling Consultants was not based on any reasonable interpretation of the law.

50. Nor was Bravo's decision not to pay overtime made in good faith.

51. Accordingly, Bunn and all those who are similarly situated are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorney's fees, and costs.

## COLLECTIVE ACTION ALLEGATIONS

52. Numerous employees have been denied overtime by Bravo's day rate pay plan.

53. From his observations and experience working for Bravo, Bunn is aware that Bravo's illegal practices or policies have been imposed on the Day Rate Drilling Consultants.

54. The Day Rate Drilling Consultants all regularly worked in excess of 40 hours per week and received only their flat daily rates for all hours worked.

55. These employees are similarly situated to Bunn in terms of *relevant* job duties, pay provisions, and employment practices.

56. Bravo's failure to pay overtime as required by the FLSA results from a generally applicable, systematic pay plan that is not dependent on the personal circumstances of the Day Rate Drilling Consultants.

57. Thus, Bunn's experiences are typical of the experiences of the Day Rate Drilling Consultants.

58. The specific job titles or precise job locations of the various Day Rate Drilling Consultants do not prevent collective treatment.

59. All Day Rate Drilling Consultants, regardless of their precise job requirements or rates of pay, are entitled to overtime for hours worked in excess of 40 in a week.

## JURY DEMAND

60. Bunn demands a trial by jury.

## RELIEF SOUGHT

61. Wherefore, Bunn prays for:

   (a) an order allowing Bunn's FLSA claims to proceed as a collective action and directing notice to the other Day Rate Drilling Consultants;

   (b) judgment finding Bravo to be Bunn and the Day Rate Drilling Consultants' employer;

(c)   judgment finding Bravo in violation of the FLSA;

(d)   judgment finding Bravo liable to Bunn and the Day Rate Drilling Consultants for unpaid overtime, and an equal amount of liquidated damages;

(e)   judgment awarding Bunn and the Day Rate Drilling Consultants reasonable attorney's fees and costs of this action;

(f)   judgment awarding Bunn and the Day Rate Drilling Consultants pre- and post-judgment interest at the highest rates allowed by law; and

(g)   such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
OK Fed. I.D. No. 14-145
**Andrew W. Dunlap**
Texas Bar No. 24078444
OK Fed. ID. 14-148
**Rachael Rustmann**
Texas Bar No. 24073653
*(pro hac vice application forthcoming)*
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rrustmann@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
*(pro hac vice application forthcoming)*
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**